UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| A.F. BY AND THROUGH HIS PARENTS, J.F. AND LF. | * | CIVIL ACTION NO. 23-7426 |
| | * | |
| | * | SECTION: "L"(1) |
| VERSUS | * | |
| | * | JUDGE ELDON E. FALLON |
| ST. TAMMANY PARISH SCHOOL BOARD | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

Before the Court is Plaintiff's Motion to Amend Complaint. (Rec. Doc. 50). The Court finds that plaintiffs have shown good cause for their out of time request and that it is in the interest of justice to allow the amendment. Accordingly, the Motion to Amend Complaint is GRANTED; the Second Amended Complaint shall be entered into the record.

Background

Plaintiff A.F. is a minor child who is blind and has autism—both considered disabilities under antidiscrimination laws. A.F. alleges that in January 2023, a paraprofessional intentionally kicked him as he was walking down the hallway with his cane at Mandeville Middle School, in St. Tammany Parish. He alleges that on the same day, a different paraprofessional became annoyed with him while he was sitting at a table in the cafeteria rocking his body back and forth, a "stimulation" behavior resulting from his autism. He alleges that the paraprofessional slammed his head into the table to get him to stop rocking back and forth. He alleges that both incidents were witnessed and reported to the school principal, Sherri Barton. He alleges further that on the same day, a third paraprofessional hit him in the face with her walkie talkie. He alleges that this incident came to light when school officials were investigating the two reported incidents.

1

The three paraprofessionals resigned in or around February 2023. In the operative complaint, plaintiff alleges that A.F.'s father requested video footage from the day of the incidents after learning of the departure of the paraprofessionals. But he says that Barton responded she did not know the date and time of the incident and was unable to obtain the video footage. He was later told by a staff member that the video had been deleted because it was older than 31 days.

A.F. (through his parents) filed suit on December 29, 2023, against the St. Tammany Parish School Board asserting claims for disability discrimination under state and federal law; civil rights claims under 42 U.S.C. § 1983 for alleged substantive due process violation, excessive force, equal protection, and negligent hiring, training, and supervision; and state law claims for battery and negligence. Trial is presently scheduled to begin on February 3, 2025. The deadline to complete discovery is December 23, 2024. The deadline to amend pleadings passed on July 5, 2024.

On October 31, 2024, plaintiff filed the present motion for leave to amend. He seeks to add plaintiff's parents J.F. and L.F. as plaintiffs on their own behalf to assert claims of negligence and intentional infliction of emotional distress. They allege that they did not learn until September 23, 2024, that some videos of the day at issue existed and that defendants did not confirm the videos showed the incidents in question until September 30, 2024. They allege that the School Board preserved the videos at the request of the employees' union representative and that the School Board intentionally withheld the videos from A.F.'s parents. They allege that the School Board's outrageous conduct caused them severe emotional distress because they now live in fear that the people they trust to educate their son are not only abusing him but also lying to cover up the abuse. They allege that, at minimum, the delayed production constitutes negligence as a violation of the Louisiana Public Records Act because they requested the videos under that Act.

Plaintiffs argue that although the deadline to amend pleadings has passed, there is good cause to allow the amendment because of the School Board's deception in withholding the surveillance video. They say the amendment is important so they do not have to pursue their claims in state court. And they argue that the School Board will not be prejudiced because it has not taken any depositions yet, because the relevant facts are within the School Board's control, and because these facts will come out at trial anyways. The School Board opposes the motion for leave to amend. They insist that plaintiffs' explanation for the delay is not compelling, that the new claims are not relevant to his existing claims, that the amendment would unduly prejudice the Board because it would require new discovery and a trial continuance, and that plaintiffs will not be prejudiced because they can pursue their claims in state court.

<u>Law and Analysis</u>

1.  *Standard for Leave to Amend*

Under Federal Rule of Civil Procedure 15(a)(2), when the time period for amending a pleading as a matter of course has passed, a party may amend its pleadings by consent of the parties or by leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). Thus, the United States Court of Appeals for the Fifth Circuit instructs that the "district court must possess a 'substantial reason' to deny a request for leave to amend." <u>Smith v. EMC Corp.</u>, 393 F.3d 590, 595 (5th Cir. 2004). Nonetheless, "that generous standard is tempered by the necessary power of a district court to manage a case." <u>Yumilicious Franchise, L.L.C. v. Barrie</u>, 819 F.3d 170, 177 (5th Cir. 2016) (quoting <u>Schiller v. Physicians Res. Grp. Inc.</u>, 342 F.3d 563, 566 (5th Cir. 2003)). The court may consider numerous factors when deciding whether to grant a motion for leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003).

Where the court ordered deadline for amending pleadings has passed, that schedule "may be modified" to allow for additional amendments "only for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(4); see S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003) ("We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). When determining whether the movant has shown good cause, the Court considers "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice.' " S&W Enterprises, 315 F.3d at 536 (quoting Reliance Ins. Co. v. Louisiana Land & Expl. Co., 110 F.3d 253, 257 (5th Cir. 1997)) (alterations in original).

   *2. Analysis*

Because the time for amending pleadings has passed, the Court first considers whether plaintiff has established good cause for the out of time amendment under Rule 16.

Plaintiffs explain that they could not have raised their new claims earlier because until the videos were produced in late September 2024, they had no reason to suspect that the School Board had given them false information. They took the School Board at its word that the video was deleted because it was older than 31 days. They point out that the School Board did not identify the videos in its initial disclosures or in response to discovery requests for any videos of A.F. taken on the day of the incidents. The School Board argues this explanation is not compelling. They point out that plaintiffs waited a month after receiving the video to file their claims and they seem

to argue that plaintiffs could have asserted the claims earlier based on a suspicion that the Board failed to preserve security video footage.

The Court finds that the plaintiffs' explanation weighs in favor of finding good cause. Until the videos were disclosed, plaintiffs may have believed that the School Board wrongfully failed to preserve them, but they did not believe (and could not reasonably have believed) that the School Board had preserved them yet lied about their existence. The alleged damages arise out of plaintiffs learning that the videos existed long after they had requested them. And although plaintiffs waited thirty days to raise their new claims after receiving the videos, the Court finds that, considering the nature of the claims, this delay was not undue.

The Court next considers the importance of the amendment. Plaintiffs argue that they will be forced to pursue their claims in state court if they are not allowed to join them here. In its briefing, the School Board denies that the new claims are relevant to A.F.'s current claims. It points out that the new claims involve actions of Board employees after the incidents in question, while the current claims concern the incidents. But at oral argument, the Board's counsel agreed with plaintiffs that evidence related to the new claims would likely be admissible in the trial of the old claims. This means that the parties would have to develop and present the same evidence in two trials—as opposed to one—if leave to amend was denied. This would be a waste of judicial resources, including the resources of both parties. Therefore, the Court finds it important that the new claims be tried with the existing claims. This factor weighs in favor of finding good cause.

The Court next considers whether there is any prejudice if the amendment were allowed. The School Board argues that the new claims will require additional discovery because it is not now able to determine the validity of the new claims. It argues that it will not be possible to meet the December 23, 2024, discovery deadline. It points out that its expert reports are due on

November 22, 2024. It argues that it will be prejudiced if the amendment is allowed and that a trial continuance will be necessary. Its counsel also argued at oral argument that it will likely file a dispositive motion on plaintiffs' Public Records Act related claims. This, too, would make it difficult to meet the current Scheduling Order deadlines.

But as plaintiffs point out, facts relevant to the new claims—except for damages—are within the control of the School Board. At oral argument, plaintiffs represented that their damages are not based on mental health treatment records, so no medical discovery will be necessary. Further, the School Board has not yet taken any depositions. Critically, the Court finds that the potential prejudice to the Board can be remedied by a trial continuance, which is available if necessary.[1] Accordingly, while prejudice weighs against finding good cause, the availability of a continuance, if necessary, negates the potential prejudice. This factor is neutral.

Because the relevant factors weigh in favor of finding good cause, the Court finds good cause for plaintiffs' late Motion to Amend. Further, the Court finds that allowing the amendment is in the interest of justice under Rule 15. It would be a waste of judicial resources to try the claims separately and there is no bad faith or dilatory motive on the part of the plaintiffs.[2]

---

[1] If the parties find they are unable to meet the Scheduling Order deadlines, they should file a Motion to Continue with the District Court.

[2] For the first time at oral argument, the School Board argued that its actions were in compliance with the Public Records Act and that plaintiffs' claims are futile. However, the School Board failed to raise this substantive argument in its opposition memorandum and the plaintiffs contest the Board's interpretation of the law. Moreover, it is not clear that the School Board's argument—if valid—would dispose of all claims plaintiffs now seek to join. If appropriate, the Board may raise its arguments via the appropriate motion.

<u>Conclusion</u>

For the foregoing reasons, the Motion to Amend Complaint (Rec. Doc. 50) is GRANTED; plaintiffs' Second Amended Complaint shall be entered into the record.

New Orleans, Louisiana, this 18th day of November, 2024.

Janis van Meerveld
United States Magistrate Judge